

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THANIKWA THOMPSON and<br>JIMMIE THOMPSON,<br><br>Defendants. | Criminal No. 3:18CR52<br><br>Violations: 18 U.S.C. § 1343<br>18 U.S.C. § 1349 |

# INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Conspiracy to Commit Wire Fraud)

At all relevant times:

1. The defendants, **THANIKWA THOMPSON** and **JIMMIE THOMPSON**, resided at 4302 Winchester Avenue, Apartment L, Martinsburg, West Virginia 25405.

2. Allstate Indemnity Company was an insurance company authorized to engage in business in the State of West Virginia.

3. The Kelley Agencies, located in Martinsburg, West Virginia, was the local Allstate agency for the defendants' renter's insurance policy.

## THE CONSPIRACY

4. On or about February 20, 2018 and continuing through on or about May 13, 2018, in the Northern District of West Virginia and elsewhere, the defendants, **THANIKWA THOMPSON** and **JIMMIE THOMPSON**, did knowingly combine, conspire, confederate, and agree to commit wire fraud, by devising a scheme to defraud and obtain money and property from

1

Allstate Indemnity Company by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343;

## OBJECTS OF THE CONSPIRACY

5. It was a purpose and object of the conspiracy for the defendants, **THANIKWA THOMPSON** and **JIMMIE THOMPSON**, to fraudulently obtain insurance proceeds through wire fraud.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

6. **THANIKWA THOMPSON** would call Allstate Indemnity Company to obtain renter's insurance for her and **JIMMIE THOMPSON**'s personal property located at 4302 Winchester Avenue, Apartment L, Martinsburg, West Virginia 25405.

7. **THANIKWA THOMPSON** and **JIMMIE THOMPSON** would apply for and receive insurance coverage much greater than the monetary amount necessary to cover their personal belongings.

8. **THANIKWA THOMPSON** and **JIMMIE THOMPSON** would commit arson and obtain the proceeds from their renter's insurance policy.

9. The defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** would make materially false and fraudulent representations to employees and representatives of Allstate Indemnity Company, the West Virginia State Fire Marshal, and others.

10. The defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** would conceal material facts from employees and representatives of Allstate Indemnity Company, the West Virginia State Fire Marshal, and others.

11. The defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** would fail to disclose material facts, which they were under a contractual duty to disclose, to employees and representatives of Allstate Indemnity Company, the West Virginia State Fire Marshal, and others.

12. The defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** would communicate about insurance coverage and their insurance claim telephonically via interstate wire transmissions to employees and representatives of Allstate Indemnity Company.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants committed the following overt acts, among others, in the Northern District of West Virginia and elsewhere:

13. On or about February 20, 2018, defendant **THANIKWA THOMPSON** applied for a renter's insurance policy via telephone with a representative from Allstate Indemnity Company.

14. On or about February 20, 2018, defendant **THANIKWA THOMPSON** declined the normal renter's insurance policy coverage of $15,000.

15. On or about February 20, 2018, defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** received a renter's insurance policy, Policy Number 998 875 605, by Allstate Indemnity Company for $85,000.00 of coverage.

16. On or about February 23, 2018 defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** purchased a utility space heater from Walmart in Martinsburg, West Virginia.

17. On or about February 25, 2018, defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** utilized and positioned the space heater against an inflatable air mattress to start a fire in their apartment.

18. On or about February 25, 2018, defendants **THANIKWA THOMPSON** and **JIMMIE THOMPSON** exited the apartment—with their pet dog—in order to permit the apartment time to catch on fire.

19. On or about February 25, 2018, defendant **THANIKWA THOMPSON** and **JIMMIE THOMPSON** spoke with employees of Allstate Indemnity Company via telephone to file a claim on their renter's insurance policy.

20. On or about February 28, 2018, defendant **THANIKWA THOMPSON** stated she had no knowledge or involvement as to the cause of the fire to a representative of Allstate Indemnity Company in Maryland.

21. On or about March 6, 2018, defendant **THANIKWA THOMPSON** contacted Allstate Indemnity Insurance via e-mail requesting a hotel room for temporary housing.

22. On or about March 7, 2018, paid defendant **THANIKWA THOMPSON** accepted payment for meals and groceries pursuant to her filed claim with Allstate Indemnity Insurance.

23. On or about March 8, 2018, defendant **THANIKWA THOMPSON** filed with Allstate Indemnity Insurance a Personal Property Inventory Form claiming personal property losses over $50,000.00 as a result of the fire.

24. On or about March 12, 2018, defendant **THANIKWA THOMPSON** contacted via telephone Allstate Indemnity Insurance and requested an extension of her hotel room for two months.

25. On or about March 13, 2018, defendant **JIMMIE THOMPSON** contacted via telephone an Allstate Indemnity Insurance representative located in Maryland and requested an extension of the hotel room.

All in violation of Title 18, United States Code, Section 1349

## COUNTS TWO THROUGH FOUR

(Wire Fraud)

1.  Paragraphs 1 through 3 of Count One of this Indictment are incorporated by reference as though fully set forth herein.

2.  On or about February 25, 2018, in the Northern District of West Virginia, the defendants, **THANIKWA THOMPSON** and **JIMMIE THOMPSON**, aiding and abetting one another, devised and intended to devise a scheme and artifice to defraud and obtain money and property from Allstate Indemnity Company by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and deprive, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain signs and signals.

### THE SCHEME AND ARTIFICE TO DEFRAUD

3.  The objects of the scheme and artifice to defraud were for the defendants to defraud and obtain money and property from Allstate Indemnity Company by the defendants making materially false and fraudulent representations to employees of Allstate Indemnity Company.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

4.  Paragraphs 6 through 12 of the Manner and Means of the conspiracy charged in Count One of this Indictment are hereby incorporated by reference as though fully set forth herein, as Manner and Means of the Scheme and Artifice to Defraud.

### ACTS IN FURTHERANCE OF THE SCHEME AND ARTIFICE TO DEFRAUD

5.  Paragraphs 13 through 25 of the Overt Acts of the conspiracy charged in Count One of this Indictment are hereby incorporated by reference as though fully set forth herein, as Acts in Furtherance of the Scheme and Artifice to Defraud.

6. On February 20, 2018, Defendant **THANIKWA THOMPSON** placed a telephone call from Martinsburg, West Virginia to an Allstate Indemnity Insurance call center located in Charlotte, North Carolina to obtain a renter's insurance policy for $85,000.

7. On February 25, 2018, Defendant **JIMMIE THOMPSON** while in Martinsburg, West Virginia spoke with an Allstate Indemnity Insurance representative in Hudson, Ohio via telephone stating the cause of the fire was unknown.

8. On February 28, 2018, Defendant **THANIKWA THOMPSON** while in Martinsburg, West Virginia spoke via telephone to an Allstate Indemnity Insurance representative located in Maryland stating she had no knowledge of or involvement in the cause of the fire.

## USE OF INTERSTATE WIRE COMMUNICATIONS

9. On or about the dates listed below, in the Northern District of West Virginia and elsewhere, the defendants, **THANIKWA THOMPSON** and **JIMMIE THOMPSON**, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, the following writings and signals, as more specifically described below, each telephone call being a separate execution of the scheme:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | February 20, 2018 | Defendant **THANIKWA THOMPSON** placed a telephone call. |
| 3 | February 25, 2018 | Defendant **JIMMIE THOMPSON** placed a telephone call. |
| 4 | February 28, 2018 | Defendant **THANIKWA THOMPSON** communicated via telephone. |

Each of the wire communications listed above constitute a separate and distinct violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1.    The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offense in violation of Title 18, United States Code, Sections 1343 and 1349 set forth in Counts One through Four of this Indictment, the defendant, **THANIKWA THOMPSON** and **JIMMIE THOMPSON**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of $3,086.62.

3.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A true bill,

/s/
Foreperson

/s/
WILLIAM J. POWELL
United States Attorney

Lara K. Omps-Botteicher
Assistant United States Attorney

Jarod J. Douglas
Assistant United States Attorney